# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-322V
### Filed: July 21, 2017
UNPUBLISHED

DIANE CHANDLER,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Special Processing Unit (SPU);
Ruling on Entitlement; Concession;
Causation-In-Fact; Influenza (Flu)
Vaccine; Shoulder Injury Related to
Vaccine Administration (SIRVA)

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for petitioner.*
*Robert Paul Coleman, III, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On March 14, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of her September 24, 2014 influenza ("flu") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 20, 2017, respondent filed his Rule 4(c) report in which he concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Specifically, respondent indicates that

> DICP opines that petitioner's alleged injury is consistent with a shoulder injury related to vaccine administration ("SIRVA"). DICP further agrees that petitioner's SIRVA was caused-in-fact by the influenza vaccination administered in her right arm on September 24, 2014. No other causes for petitioner's SIRVA were identified. *See* 42 U.S.C. § 300aa-13(a)(1)(B). In addition, given the medical records outlined above, the statutory six month sequela requirement has been satisfied. *See id.* at § 300aa-11(c)(1)(D)(i). The Petition states that petitioner has never received any compensation in the form of an award or settlement in connection with the vaccine-related injury. *See* 42 U.S.C. §§ 300aa-11(a)(5) and 300aa-11(c)(1)(E). Therefore, based on the current record, petitioner has satisfied all legal prerequisites for compensation under the Act.

*Id.* at 4.

**In view of respondent's position and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master